Martin, J.
The original action was brought by Ford and others, the children and grand-children of one Cline, to recover possession of land in Clinton county. The case is this: In September, 1824, Salters, by deed of bargain and sale conveyed the premises to Cline. The grant is “ unto the said Charles Cline and to his lawful issue, and in case he should die without leaving lawful issue to go to his surviving brother or brothers and to their heirs and assigns.” The habendum runs “unto the said Charles Cline and to his lawful issue, to the only proper use of the said Charles Cline and his lawful issue (as above mentioned) forever.” There are covenants of seizin, of quiet enjoyment and against incumbrances which are with “ the said Charles Cline and his lawful issue.”
These are the material features of the deed. At the date of the deed Cline had four living children; some of whom survived him and are plaintiffs. He died in 1878, leaving surviving him the plaintiffs; and this is their title.
In March, 1831, Salters conveyed the premises in fee *367 simple to Cline, reciting in the conveyance that the deed of 1824 was drawn in mistake and was intended to have been“ in fee simple. The defendants claim under Cline through intermediate conveyances in due form. Thus the only question is: Did the deed of 1824 convey a life estate to Cline ? The courts below adjudged in the affirmative; and to obtain a reversal the case is here on error.
The elementary authorities uniformly hold that the word heirs is indispensable to the creation by deed of an estate tail or in fee simple; though it is otherwise in respect to a will. This requirement is technical; but it has always been a rule of property in this state and must, for manifest reasons, be upheld. The contingent remainder is expressly limited to the brothers and their heirs. And it is plain that the word heirs, found in the clause giving the remainder, cannot by construction be held to limit the estate granted, as is claimed, to Cline’s issue. Such a transposition of the word would ab initio frustrate the apt words of the grant in remainder; for it would be to tack a remainder to an unconditional grant in fee simple. And it will also be noticed that the word heirs as a correlative to Cline or his issue is not found in the habendum or warranty clauses, nor elsewhere in the deed. And it is proper to add, it is not imported by reference. Hence the estate granted is not by the words of grant or by anything within the four corners, limited to Cline and his heirs, nor to his issue and their heirs. But it is claimed that the particular estate was not alone for Cline’s life, but was also for the respective lives of the survivors of his four children who were living at the date of the deed in September, 1824. As to this, as well as to a suggestion that might be made of a fee by implication, springing from the survival of issue, it is sufficient to say that, by the obvious intent and plan of the instrument, the particular estate was ended by the death of Cline, and the fee thereupon reverted, if it did not pass in remainder to the brothers. Consequently the estate granted was a life estate to Cline for his own life. But the result would be the same if the construction were to him and his four chil *368 dren as tenants in common; because, even if the words of grant are not inconsistent with a right of survivorship, it is certain that the right is not given expressly, nor, as we have seen, by implication.
Cline having left surviving issue, the remainder was defeated. But he had taken the fee simple by the deed of 1831; and the judgment for defendants, who claim under him, is right.

Judgment affirmed.